958 F.2d 367
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathryn GATTO, Executrix of the Estate of Ronald L. Gatto;
Violet Hyatt, Administratrix of the Estate of
Thomas T. Hyatt, Plaintiffs-Appellants,
v.
Larry OURS, Sheriff of Grant County, West Virginia,
Defendant-Appellee.
 No. 90-2224.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1991.
Decided March 12, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-87-136-E)
 Argued: C. Grady Swisher, III, Preiser Law Offices, Pittsburgh, Pa., for appellants.
 Colin James S. Thomas, Jr., Timberlake, Smith, Thomas & Moses, P.C., Staunton, Va., for appellee.
 On Brief: Monty L. Preiser, Preiser Law Offices, Charleston, W.Va., David S. Skeen, South Charleston, W.Va., Jack H. France, Charleroi, Pa., for appellants.
 James Paul Geary, Geary & Geary, L.C., Petersburg, W.Va., for appellee.
 N.D.W. Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 OPINION
 PER CURIAM:
 
 
 1
 Kathryn Gatto and Violet Hyatt[1] appeal the district court's decision granting Larry Ours' motion, under Fed.R.Civ.P. 12(b)(6), to dismiss for failure to state a claim upon which relief can be granted. We find no error and affirm.
 
 
 2
 "In considering a motion to dismiss the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." Finlator v. Powers, 902 F.2d 1158, 1160 (4th Cir.1990). The plaintiffs allege that their decedents were killed as the result of the negligence of Sheriff Ours in failing to warn them of impending danger. The facts as set forth in the complaint are as follows. On November 4, 1985 it became known to representatives of Sheriff Larry Ours that an ongoing and impending killer flood was headed toward the area where Ronald L. Gatto and Thomas T. Hyatt were camping. Sheriff Ours was at the place occupied by Gatto and Hyatt but failed to properly warn them of the impending flood and danger. Gatto and Hyatt were drowned by the flood.
 
 
 3
 The question before us is whether these allegations are sufficient to set forth a cause of action under West Virginia law.[2] Under the public duty doctrine, liability of a public official may not be predicated upon the breach of a general duty owed to the public as a whole. Wolfe v. City of Wheeling, 387 S.E.2d 307 (W.Va.1989). "The duty ... to provide police protection runs to all citizens and is to protect the safety and well-being of the public at large...." Wolfe, 387 S.E.2d at 310. Therefore, absent a special duty to the decedents, no private liability would attach to the actions of Sheriff Ours since his duty was to provide police protection to the public at large.[3]
 
 
 4
 To establish a special duty, the following elements must be shown:
 
 
 5
 (1) an assumption by the local governmental entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the local government entity's agents that inaction could lead to harm; (3) some form of direct contact between the local governmental entity's agents and the injured party; and (4) that party's justifiable reliance on the local governmental entity's affirmative undertaking.
 
 
 6
 Wolfe v. City of Wheeling, 387 S.E.2d at 311; see also Randall v. Fairmont City Police Dep't, 412 S.E.2d 737 (W.Va.1991) (same test). The district court held that in their complaint plaintiffs did not meet the third requirement of this test. The plaintiffs failed to allege any direct contact between the Sheriff and the decedents. Although it may be argued that the complaint was filed prior to the West Virginia Supreme Court of Appeals' statement of the four-part special duty test in Wolfe, over nine months elapsed between the announcement of that decision and the hearing on the motion to dismiss. Plaintiffs not only relied upon Wolfe in a letter to the district court filed during that time, they made no attempt to amend their complaint to allege any direct contact between the Sheriff and the decedents.[4] Even at oral argument, plaintiffs' counsel conceded that he could not produce any evidence that Sheriff Ours spoke to the decedents. Without an allegation of direct contact between Sheriff Ours and the decedents, the complaint failed to state a claim upon which relief can be granted. The motion to dismiss was properly granted.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Kathryn Gatto is the executrix of the estate of Ronald L. Gatto. Violet Hyatt is the administratrix of the estate of Thomas T. Hyatt
 
 
 [2]
 We decline plaintiffs' suggestion that we certify to the West Virginia Supreme Court of Appeals the question of whether the special duty analysis is still the law of West Virginia. They point to a footnote in a recent opinion, in which the West Virginia Supreme Court of Appeals stated that "The certified questions do not ask us to decide whether the public duty/special duty dichotomy should be discarded." Wolfe v. City of Wheeling, 387 S.E.2d 307, 310 n. 5 (W.Va.1989). Plaintiffs argue that this statement left open the question whether a special duty is required under West Virginia law. We do not agree. Since the court did not decide to discard the special duty requirement it is still the law of West Virginia. In addition, plaintiffs, as well as defendants declined the district court's invitation to have the case certified to the Supreme Court of Appeals of West Virginia, and plaintiffs advised the court that the Wolfe decision resolved any uncertainty in the law of West Virginia on the issue of special duty
 In the alternative, at oral argument, plaintiffs asked us to withhold resolution of this case until the West Virginia Supreme Court of Appeals announced its decision in Randall v. Fairmont City Police Dep't, No. 20089, 1991 W.Va. LEXIS 232 (W.Va. Dec. 12, 1991). We have done so. Randall affirms that the public duty/special duty analysis remains the law of West Virginia.
 
 
 [3]
 The Wolfe four-part special duty analysis only applies to nondiscretionary functions. The district court did not reach the issue of whether Sheriff Ours' actions were protected as discretionary activities. Under West Virginia law, Sheriff Ours would not be liable for performing a discretionary function. See City of Fairmont v. Hawkins, 304 S.E.2d 824, 829 n. 7 (W.Va.1983). We express no opinion as to whether the Sheriff's activities were discretionary, as it is not necessary for the resolution of this appeal
 
 
 [4]
 Plaintiffs have had an abundance of time to investigate their case. They filed their complaint on November 4, 1987. On December 9, 1988, the district court issued an order requiring all discovery be completed by August 1, 1989. On February 15, 1989, Sheriff Ours filed his motion to dismiss. A hearing was not held on the motion until September 6, 1990. As can be seen, plaintiffs had nearly three years to investigate their claim, yet they were unable to allege any direct contact between the decedents and Sheriff Ours